IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LEWES PUBLIC LIBRARY, INC.,
a Delaware non-profit corporation,

    Plaintiff/Counterclaim Defendant,

        v.

NEW COVENANT PRESBYTERIAN
CHURCH, INC., a Delaware non-profit
corporation,

    Defendant/Counterclaim Plaintiff

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No. S19C-08-020 RFS

## ORDER

Submitted: 8/27/2020
Decided: 9/14/2020

Robert G. Gibbs and R. Eric Hacker, Esq., 107 W. Market St., P.O. Box 690, Georgetown, DE 19947, Attorneys for Plaintiff/Counterclaim Defendant.

Daniel A. Griffith, Esq., 405 N. King Street, Suite 500, Wilmington, DE 19801, Attorney for Defendant/Counterclaim Plaintiff.

Before the Court is Lewes Public Library, Inc.'s (the "Library") motion for reargument. For the reasons that follow, the motion is denied.

On August 14, 2020, the Court entered judgment denying the Library's motion for summary judgment. The Court also denied New Covenant Presbyterian Church, Inc.'s (the "Church") motion for summary judgment and dismissed the counterclaim without prejudice.

A motion for reargument pursuant to Rule 59(e) will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[1]

The Library argues the Court failed to correctly apply Rule 56 by denying the Library's motion for summary judgment. Summary judgment will only be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] "Additionally, 'the moving party bears the burden of establishing the non-existence of a material issue of fact. If a motion is properly supported, the burden shifts to the non-moving party to establish the existence of material issues of fact.'"[3]

To satisfy the conditions of the deed, the Library is to construct a library facility on the deeded property within ten years of conveyance. The Court determined the term "library facility" to be ambiguous. Furthermore, the pleadings demonstrated an issue of material fact as to the meaning of "library facility."

Both parties offer different interpretations of the term "library facility" leading this Court to conclude there is an outstanding issue of material fact. The Library argues the Church's cross-motion concedes there is no issue of fact; however, the Church provided there were genuine issues of factual dispute.

Rule 56(h) states:

Where the parties have filed cross motions for summary judgment and have not presented argument to the Court that there is an issue of fact material to the disposition of either motion, the Court shall deem the motions to be the equivalent

[1] *Shahin v. City of Dover*, 2019 WL 162571, at *1 (Del. Super. Ct. Jan. 9, 2019) (citing *Strong v. Wells Fargo Bank*, 2013 WL 1228028, at *1 (Jan. 3, 2013)).
[2] *SunEnergy1, LLC v. Brown*, 2015 WL 7776625, at *3 (Del. Super. Ct. Nov. 30, 2015).
[3] *Id.* (citing *Wallace v. Geckosystems*, 2013 WL 4054147, at *3 (Del.Super. July 31, 2013)).

of a stipulation for decision on the merits based on the record submitted with the motions.[4]

Here, the Church argued there were multiple disputed issues of material fact and the Library's motion was premature.[5] Therefore, Rule 56(h) would not apply.

The Court relied on the pleadings, multiple exhibits, and affidavit to determine there were disputed issues of material fact. More specifically, the Court found the term "library facility" susceptible to multiple interpretations and, therefore, ambiguous.

The Library also argues the Library's acceptance of the Property is undisputed. However, the Church, in its response, argued the Library rejected the gift when it built the library at 111 Adams Avenue.[6] The Court's discussion as to the Church's challenge of acceptance focuses on the disputed term of "library facility" because the Church contends the gift was rejected because the library was constructed at a location other than the deeded property.[7]

Rather than make a decision as to the merits, the Court finds discovery to be necessary. Regardless of the Church's argument that the Library rejected the Property, satisfaction of the condition is heavily disputed. As previously discussed, and as stated in this Court's order denying summary judgment, the deed does not define "library facility." In its determination of whether the deed presented an ambiguity, the Court cited to *Seaford Golf & Country Club v. E.I. DuPont de Nemours & Co.*[8] Relying on the Supreme Court's analysis of the term "plant" in *Seaford Golf*, this Court concluded "library facility" was susceptible to multiple interpretations

---

[4] Super. Ct. Civ. R. 56(h).
[5] *Answering Brief in Opposition to Lewes Public Library, Inc.'s Motion for Summary Judgment and in Support of Cross-Motion for Summary Judgment on Behalf of Defendant/Counterclaim Plaintiff New Covenant Presbyterian Church* p. 15.
[6] *Id.* p. 7, 18.
[7] *Id.*
[8] *Seaford Golf & Country Club v. E.I. DuPont de Nemours & Co.*, 925 A.2d 1255 (Del. 2007). Further, the trial court's judgment was reversed even though the parties filed cross-motions for summary judgment and stipulated there were no material issues of fact. *Id.* at *1263

and, therefore, would look to the intent of the donor.[9] Because the words of the deed were not found to be unambiguous, the Court is not limited to an application of the words of the deed and finds summary judgment premature.

The Library also argues the Court overlooked that the facility at issue has been deemed a "library facility" by Sussex County. The Court has reviewed the record and does not conclude the facility at issue has been deemed a "library facility." The Court finds the facility was deemed a "community service facility."[10]

Considering the foregoing and a review of the submitted filings, the Court concludes it has not overlooked any controlling precedent or legal principles. Furthermore, the Court concludes it has not misapprehended the law or facts such as would have changed the outcome of the underlying decision. Therefore, the Library's motion for reargument is denied.

Richard F. Stokes, Judge

FILED PROTHONOTARY
SUSSEX COUNTY
2020 SEP 14 P 12: 28

---

[9] Where the language of a deed contains ambiguities the deed must be read in the light of the intent of the parties as determined by the facts and circumstances surrounding the transaction. *Rohner v. Niemann*, 380 A.2d 549, 552 (Del. 1977).

[10] Pl.'s Opening Br. Appendix.